IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



EDWARD AND REIKO SCHWAB, JR.,
ET AL.,

    Plaintiffs,

v.

DAVE HANSEN, ET AL.,

    Defendants.

CIVIL NO. 2:17cv394

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on two motions to dismiss filed in the above-captioned case: one filed by defendants Dave Hansen, Thomas J. Gay, and Philip J. Roehrs ("City Employees' Motion to Dismiss"), ECF No. 6, and the other filed by defendant Frank Gurdziel ("Gurdziel's Motion to Dismiss"), ECF No. 3. For the reasons stated herein, both motions to dismiss are hereby **GRANTED**, in part, and the instant action is **DISMISSED WITHOUT PREJUDICE**.

### I.    PROCEDURAL BACKGROUND

On July 26, 2017, Edward and Reiko Schwab, Jr., James and Carol Melvin, Sandra D. Harris, and Michael Aschkenas (collectively, "Plaintiffs") filed the instant action pursuant to 42 U.S.C. § 1983 against the following four defendants: Dave Hansen, Frank Gurdziel, Thomas J. Gay, and Philip J. Roehrs (collectively, "Defendants"). Complaint ("Compl."), ECF No. 1. Plaintiffs' complaint alleges that Defendants violated Plaintiffs' rights to due process under the Fifth and Fourteenth Amendments in connection with the creation of special taxation district by the City of Virginia Beach between 2011 and 2013. Id. Plaintiffs request $575,174.00 in damages as well as declaratory and injunctive relief. Id.

1

On September 1, 2017, Frank Gurdziel, by counsel, filed a motion to dismiss Plaintiffs' complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 3. His motion also requests an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988. Id. On the same day, the remaining defendants, Dave Hansen, Thomas Gay, and Philip Roehrs, by counsel, jointly filed a motion to dismiss Plaintiffs' complaint on largely the same grounds. ECF No. 6. On September 15, 2017, Plaintiffs filed a brief in opposition to both motions to dismiss ("Resp."). ECF No. 9. On September 21, 2017, Frank Gurdziel and the remaining defendants filed their respective reply briefs. See Gurdziel's Reply, ECF No. 11; City Employees' Reply, ECF No. 10. Defendants' motions to dismiss are now ripe for decision.

## II. FACTUAL BACKGROUND

### A. SUMMARY OF FACTS ALLEGED IN THE COMPLAINT

Plaintiffs' complaint alleges the following relevant facts. Plaintiffs are residents of Virginia and waterfront property owners in the Chesopeian Colony subdivision located in the City of Virginia Beach. Compl. ¶¶ 3, 23. Defendants are also residents of Virginia. Id. ¶¶ 4–7. At all times relevant to the complaint's allegations, defendant Dave Hansen was Deputy City Manager or the City Manager for the City of Virginia Beach; defendant Thomas Gay was the Water Resources Project Manager or Coastal Project Manager with the Public Works Engineering Department of the City of Virginia Beach; and defendant Philip Roehrs was a Water Resources Engineer with the Public Works Engineering Department of the City of Virginia Beach. Id. ¶¶ 4, 6–7. Defendant Frank Gurdziel was not an employee of the City of Virginia Beach but was "in charge of securing citizen approval for the Special Service District" described in the complaint. Id. ¶ 5.

Beginning in or around July, 2011, Defendants worked together to create a special taxation district known as a "Special Service District" (hereinafter, "SSD") for waterfront

2

property owners in the Chesopeian Colony subdivision in the City of Virginia Beach. Compl. ¶¶ 10, 25. The stated purpose of the proposed SSD was to fund a dredging project that would supposedly (1) increase deep-water access for the waterfront property owners in the SSD; (2) increase property values for such owners; and (3) increase tax revenue to the City of Virginia Beach as a result of the increased property values. Id. ¶¶ 11–13. To fund the dredging project, waterfront property owners within the SSD would be subject to additional taxes. Id. ¶ 14. For the proposed SSD to be approved, "80% of the waterfront property owners in the Chesopeian Colony [subdivision] needed to be in favor of its creation." Id. ¶ 15.

In or around March, 2013, Defendants circulated "willingness petitions" to Plaintiffs and other waterfront property owners in the Chesopeian Colony subdivision to garner support for the creation of the SSD. Compl. ¶ 16. In May, 2013, "all of the waterfront property owners in the Chesopeian Colony" voted on the proposed SSD, and fewer than 80% of such owners approved. Id. ¶ 17. As a result, in June, 2013, Defendants worked together to redraw the boundary lines of the proposed SSD by "add[ing] and subtract[ing] waterfront property owners as they saw fit for the specific purpose of surpassing the 80% threshold." Id. ¶¶ 19, 21. By the end of June, 2013, Defendants were successful in obtaining 80% approval of waterfront property owners within the redrawn boundary lines of the proposed SSD, and the SSD was created. Id. ¶ 22.

B. PLAINTIFFS' CLAIMS

Plaintiffs' complaint alleges that, by "creat[ing] an illegal, non-contiguous SSD without a proper public hearing," Defendants, "individually and collectively, deprived Plaintiffs of their respective rights to Due Process," Compl. ¶ 23, and are therefore individually liable under 42 U.S.C. § 1983, id. ¶ 26. The complaint further alleges that Defendants, individually and collectively, continue to deprive Plaintiffs of such rights because the "dredging project is ongoing and not yet complete." Id. ¶ 24. As a result, Plaintiffs demand $575,174.00 in total

3

damages, which accounts for the additional taxes levied against them as part of the SSD plus punitive damages, and they seek declaratory and injunctive relief in the form of a Court order "declaring that no dredging is to occur on or near any of Plaintiffs' property" at their respective property addresses. Id. ¶¶ 27, 32; id. at 8.

## III.   DEFENDANTS' MOTIONS TO DISMISS

In Gurdziel's and the City Employees' Motions to Dismiss, the Defendants assert several grounds for dismissing Plaintiffs' complaint. ECF Nos. 3, 6. The first is that the Court lacks subject matter jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. § 1341, and thus must dismiss the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (hereinafter, "Rule 12(b)(1)"). See ECF No. 4 at 7 (relying on Burris v. Little Rock, 941 F.2d 717 (8th Cir. 1991)); ECF No. 7 at 4 (same). This threshold jurisdictional claim is now before the Court.

### A.   LEGAL STANDARD

A defendant may challenge subject matter jurisdiction under Rule 12(b)(1) in one of two ways: (1) by contending that the complaint is insufficient on its face to establish such jurisdiction or (2) by challenging the factual predicate of subject matter jurisdiction set forth in the complaint. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). In the first case, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction. Id. In the second case, the plaintiff is afforded less procedural protection: the district court need not presume the truthfulness of the complaint and is instead "entitled to decide disputed issues of fact with respect to subject matter jurisdiction." Id. The plaintiff also bears the burden of proving subject matter jurisdiction. Adams, 697 F.2d at 1219. The court may consider evidence outside the pleadings to make its determination. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

4

## B. THE TAX INJUNCTION ACT

The Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, forbids federal courts from exercising jurisdiction over certain kinds of claims involving state taxation: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. It is well settled that the TIA applies to "declaratory as well as injunctive relief, . . . and that local taxes fall within the ambit of the statute." Folio v. City of Clarksburg, W.Va., 134 F.3d 1211, 1214 (4th Cir. 1998) (internal citations omitted). The TIA also applies to § 1983 actions in which the plaintiff seeks injunctive or declaratory relief. Id. (citing Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503 (1981)). "Only when state law provides no 'plain, speedy and efficient' remedy may a federal district court order declaratory or injunctive relief that trenches upon 'the assessment, levy or collection' of any state or local tax." Id. (citation omitted). The adequacy of the state remedy is measured according to procedural rather than substantive criteria. Rosewell, 450 U.S. at 512.

In this case, Defendants have submitted documents showing that the SSD in question was created by ordinance of the Virginia Beach City Council on August 13, 2013. See Amendment to Code of the City of Virginia Beach, Section 35.3-9, ECF Nos. 4-2, 7-2 (entitled "An Ordinance to Amend and Reordain the Code of the City of Virginia Beach to Create the Chesopeian Colony Neighborhood Dredging Special Service District and to Levy Additional Taxes on Real Property within the Chesopeian Colony Neighborhood Dredging [SSD]"). Plaintiffs do not dispute this. Furthermore, such ordinance was passed pursuant to Virginia Code § 15.2-2400, et seq., which authorizes local governing bodies to create, by ordinance, special service districts in order to provide, inter alia, "more timely governmental services within a service district, including but not limited to water supply, dams, sewerage, garbage removal and

5

disposal, . . . [and] beach and shoreline management and restorations . . ." Va. Code Ann. § 15.2-2403(1). This section also authorizes local governing bodies "[t]o levy and collect an annual tax upon any property in such service district subject to local taxation to pay, either in whole or in part, the expenses and charges for providing the governmental services authorized [by this code section] . . ." Id. § 15.2-2403(2).

Based on the nature and creation of the SSD, Defendants argue that Plaintiffs' complaint asks the Court to interfere with a local tax assessment, which is barred by the TIA. ECF No. 7 at 5. Defendants further argue that Plaintiffs have a "plain, speedy and efficient remedy" in state court, as required under the TIA, because Virginia Code § 58.1-3984 permits citizens to apply to the state court to correct erroneous or otherwise illegal assessments of local levies. Id.

In their opposition, Plaintiffs respond that the TIA does not apply to the instant action because their complaint seeks damages under § 1983 for violations of due process. ECF No. 9 at 8. They argue that the "tax consequence for the parties" is incidental to the constitutional violations alleged. Id. In reply, Defendants argue that, although the complaint seeks to enjoin "dredging" of Plaintiffs' properties, the relief sought amounts to an injunction of a local tax assessment. ECF No. 10 at 3–4. Defendants highlight the fact that the compensatory damages requested in the complaint are alleged to be the amount of taxes already levied against Plaintiffs as part of the SSD plus those expected to be levied against Plaintiffs as part of the SSD in the future. Id. at 3.

C. PRINCIPLES OF COMITY

The Court finds that, regardless of the precise nature of the relief sought in this case, federal jurisdiction is barred by principles of comity in any event. In Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100 (1981), the petitioners, which included a nonprofit corporation formed by taxpayers in St. Louis County, Missouri, as well as individual taxpayers

6

in the County, filed a § 1983 action in federal district court alleging that certain County officials and three members of the Missouri State Tax Commission had deprived petitioners of equal protection and due process of law by unequal taxation of real property. 454 U.S. at 105–06. The petitioners sought actual damages in the amount of four years of overassessments as well as punitive damages. Id. at 106. The district court below dismissed the action as barred by both the TIA and principles of comity, and the Eighth Circuit affirmed. Id. at 101–02. The Supreme Court ultimately affirmed, holding that taxpayers are barred by the principle of comity from asserting § 1983 actions to redress the allegedly unconstitutional administration of a state tax system. Id. at 116. It declined to rule on whether the TIA also barred the action. Id. In so holding, the Supreme Court reasoned:

> Petitioners will not recover damages under § 1983 unless a district court first determines that respondents' administration of the County tax system violated petitioners' constitutional rights. In effect, the district court must first enter a declaratory judgment like that barred in Great Lakes. We are convinced that such a determination would be fully as intrusive as the equitable actions that are barred by principles of comity.

Id. at 113–14 (citing Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293 (1943)); see also Lawyer v. Hilton Head Pub. Serv. Dist. No. 1, 220 F.3d 298, 302 (4th Cir. 2000) (confirming that challenges to state taxes for these purposes includes challenges to local taxes, that is, "any tax under state law") (internal citation omitted).

In this case, for Plaintiffs to recover on their § 1983 claim, the Court would have to determine that the creation of the SSD was unconstitutional. Such a declaration would certainly halt the operation of the SSD and the assessments levied therein, and thus would threaten the same type of interference described in McNary. 454 U.S. at 115. Furthermore, the Court finds that Virginia courts provide a plain, adequate, and complete remedy to resolve Plaintiffs' claims, which Plaintiffs do not dispute. See, e.g., Sch. Bd. of City of Portsmouth v. Colander, 519

S.E.2d 374, 375 (Va. 1999) (maintaining jurisdiction over § 1983 claim); see also Rosewell, 450 U.S. at 514–15 (state remedy is adequate as long as taxpayer's federal rights receive full consideration); cf. McNary, 454 U.S. at 116 (citing Missouri Supreme Court cases in which § 1983 claims were adjudicated to show adequate state remedy). Therefore, the Court **FINDS** that principles of comity divest this Court of jurisdiction over the Plaintiffs' action, and that dismissal is warranted under Rule 12(b)(1).

### IV. GURDZIEL'S REQUEST FOR ATTORNEY'S FEES AND COSTS

In his motion to dismiss, Defendant Gurdziel also asks for an award of attorneys' fees and costs under 42 U.S.C. § 1988 on the grounds that "there is absolutely no factual or legal basis to maintain this action under 42 U.S.C. § 1983 against [Gurdziel], a private citizen." ECF No. 4 at 15–16. 42 U.S.C. § 1988(b) permits "the court, in its discretion, [to] allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in a suit brought under 42 U.S.C. § 1983. To recover, a defendant must show that the plaintiff's claim was "either frivolous, unreasonable, or groundless, or the plaintiff must have continued to litigate after it clearly became so." Unus v. Kane, 565 F.3d 103, 127 (4th Cir.2009) (internal quotations omitted). A favorable ruling on the merits is not a necessary predicate to find that a defendant has "prevailed" for this purpose. CRST Van Expedited, Inc. v. E.E.O.C., 136 S. Ct. 1642 (2016).

The Court withholds ruling on Gurdziel's request for fees and costs at this time. If Defendant Gurdziel wishes to persist in his request for attorney's fees and costs in this action, he is hereby **DIRECTED** to file a motion for such fees and costs, which shall include the factual grounds entitling him to such an award, in accordance with Rule 54 of the Federal Rules of Civil Procedure within **FOURTEEN (14) DAYS** of the Clerk's entry of judgment in this case. If such motion is filed, Plaintiffs shall have **FOURTEEN (14) DAYS** to file any fact-based response to such motion.

## V. CONCLUSION

For the reasons stated above, Gurdziel's Motion to Dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is hereby **GRANTED**, ECF No. 3; the City Employees' Motion to Dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is hereby **GRANTED**, ECF No. 6; and this action is **DISMISSED WITHOUT PREJUDICE**. Because the Court lacks subject matter jurisdiction over this action, the Court declines to address the remaining grounds for dismissal asserted in Defendants' motions.

As stated above, the Court withholds ruling on Defendant Gurdziel's request for an award of attorney's fees and costs. ECF No. 3. If Defendant Gurdziel wishes to persist in his request for attorney's fees and costs in this action, he is hereby **DIRECTED** to file a motion for such fees and costs, which shall include the factual grounds entitling movant to such an award, in accordance with Rule 54 of the Federal Rules of Civil Procedure within **FOURTEEN (14) DAYS** of the Clerk's entry of judgment in this case. If such motion is filed, Plaintiffs shall have **FOURTEEN (14) DAYS** to file any fact-based response to such motion.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
November 14, 2017

9